UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

* * *

| | |
|---|---|
| MICHAEL A. PAUL,<br><br>          Petitioner,<br>     v.<br><br>ISIDRO BACA, et al.,<br><br>          Respondents. | Case No. 3:14-cv-00460-MMD-WGC<br><br>ORDER |

The Court directed petitioner to show cause why this action should not be dismissed as untimely. Order (dkt. no. 5). Petitioner has filed a motion showing cause (dkt. no. 18), and respondents have filed a response (dkt. no. 27). Petitioner does not persuade the Court, and the Court will dismiss this action.

Petitioner does not dispute the dates in Court's calculations. Instead, he argues that the Court should use the dates of other court decisions or that equitable tolling is warranted.

Petitioner's arguments that this Court should allow him to pursue a successive petition for a writ of habeas corpus under 28 U.S.C. § 2244(b) are moot. To the best of this Court's knowledge, petitioner has never filed another habeas corpus petition in this Court challenging his custody under this judgment of conviction. This petition is not successive, but it is untimely.[1]

---

[1] Petitioner's second state habeas corpus petition was dismissed under state law as successive and untimely, but that has no effect on whether a federal habeas corpus petition is successive.

Petitioner's arguments based upon *Byford v. State*, 994 P.2d 700, 713-14 (Nev. 2000), and its state and federal progeny, are inapposite. *Byford* held that a jury instruction blurred the elements of willfulness, deliberation, and premeditation, all necessary for a finding of first-degree murder. However, petitioner pleaded guilty to first-degree murder, and thus the state district court did not give the erroneous jury instruction.

Petitioner's reliance upon *Martinez v. Ryan,* 132 S. Ct. 1309 (2012), and *Dickens v. Ryan*, 740 F.3d 1302 (9th Cir. 2014), is inapposite. *Martinez* allowed for a person to excuse a procedurally defaulted ground of ineffective assistance of trial counsel upon a showing of ineffective assistance of post-conviction counsel.[2] However, procedural default by operation of state law is not the issue in this case. The issue is the untimeliness of this action under federal law, and *Martinez* provides no exception to the operation of the federal statute of limitations. This action was untimely long before petitioner filed his untimely state habeas corpus petition or the dates of the decisions in *Martinez* and *Dickens*.

Petitioner does not persuade the Court with his argument that he is actually innocent. "'[A] petitioner does not meet the threshold requirement unless he persuades the district court that, in light of the new evidence, no juror, acting reasonably, would have voted to find him guilty beyond a reasonable doubt.'" *McQuiggin v. Perkins*, 133 S. Ct. 1924, 1928 (2013) (quoting *Schlup v. Delo*, 515 U.S. 298, 329 (1995)). "'[A]ctual innocence' means factual innocence, not mere legal insufficiency." *Bousley v. United States*, 523 U.S. 614, 623 (1998). Respondents note that the court of appeals has not yet decided whether the actual-innocence gateway exists for a case involving a guilty plea. The Court need not decide whether the actual-innocence gateway does apply, because even if it does, petitioner clearly is not actually innocent.

///

---

[2] The court of appeals has extended this principle to procedurally defaulted grounds of ineffective assistance of appellate counsel. *Ha Van Nguyen v. Curry*, 736 F.3d 1287 (9th Cir. 2013).

2

Petitioner argues that he was mentally ill, an alcoholic, and voluntarily intoxicated at the time that he killed a man named Newton. Petitioner's own description of the events leading up to his killing of Newton show that he was aware of what he did. Motion, at 6-7 (dkt. no. 18). If petitioner was mentally ill, it did not prevent him from forming the intent to kill. Voluntary intoxication is a factor for the jury to consider when the intent to commit a crime is an element of the crime itself.

> No act committed by a person while in a state of voluntary intoxication shall be deemed less criminal by reason of his or her condition, but whenever the actual existence of any particular purpose, motive or intent is a necessary element to constitute a particular species or degree of crime, the fact of the person's intoxication may be taken into consideration in determining the purpose, motive or intent.

Nev. Rev. Stat. § 193.220.

First, if the statement in *Bousley* that "'actual innocence' means factual innocence" applies to the physical acts committed and not the mental state, then petitioner cannot be actually innocent. Petitioner killed Newton. He admitted it in his guilty-plea colloquy, he admitted it in cross-examination in the evidentiary hearing in his first state habeas corpus petition, and he admits it at pages 6-7 of his motion showing cause (dkt. no. 18). At most, if petitioner had persuaded a jury that he was so intoxicated that he could not form an intent to kill Newton, he would not have been found guilty of first-degree murder, but he would have been found guilty of second-degree murder. Second-degree murder is a crime of general intent, and it does not require a specific intent to kill. *See Hancock v. State*, 397 P.2d 181, 182 (Nev. 1964). No rational juror would have acquitted petitioner of killing Newton, and thus petitioner is not actually innocent.

Second, if it is possible to be actually innocent of first-degree murder while still being guilty of second-degree murder, petitioner still has not reached the high threshold for actual innocence. As the statute notes, voluntary intoxication is another factor that a jury can consider in determining whether petitioner had the intent to kill, but voluntary intoxication by itself does not automatically immunize petitioner from being guilty of first-

degree murder. Even with the limited part of the record before the Court, there was plenty of other evidence for a jury to consider. Petitioner admits that he was furious with Newton. Newton was living with petitioner, wore out his welcome, and in revenge called child protective services with a complaint about petitioner. Petitioner had to leave his own home so that the children could be returned to his wife. Newton again went to live with petitioner, and he bragged to others about how he got petitioner into trouble. Petitioner and another friend drove with Newton to Spanish Springs, a rural or semi-rural area northeast of Reno, where petitioner attacked Newton. Motion, at 6-7 (dkt. no. 18). When petitioner killed Newton, he hit Newton in the head with a rock at least twice. Then petitioner set down or dropped the rock, picked up a knife, and cut or stabbed Newton's throat. *Id.* at 58-59 (#18).[3] The friend put Newton's body into a shallow grave, and then petitioner and the friend left.

That is not evidence of a person who is so intoxicated that he could not form an intent to kill. It is difficult to believe that petitioner was so intoxicated that he had no intent to kill Newton but still was able to strike repeated, deadly blows Newton, to change weapons, and to strike even more deadly blows. A jury might not have believed that petitioner was intoxicated. A jury might have believed that petitioner was intoxicated but that he intended to kill Newton. The Court cannot conclude that, with that evidence, no rational juror could find petitioner guilty of first-degree murder beyond a reasonable doubt.

The Court denies petitioner's other motions because the Court is dismissing this action.

Reasonable jurists would not find the Court's conclusions to be debatable or wrong, and the Court will not issue a certificate of appealability.

///

---

[3] The Court is using the page numbers generated by the electronic docketing system in this citation. The cited document is the transcript of the evidentiary hearing in petitioner's first state habeas corpus petition. Petitioner is admitting on cross-examination the statements that he gave in his guilty-plea colloquy.

It is therefore ordered that petitioner's motion to proceed on unopposed petition for writ of habeas corpus (dkt. no. 21), motion for appointment of counsel (dkt. no. 22), motion to strike (dkt. no. 28), motion to proceed (dkt. no. 29), and motion for appointment of counsel (dkt. no. 31) are denied.

It is further ordered that petitioner's motion showing cause (dkt. no. 18) is denied. This action is dismissed with prejudice as untimely. The Clerk of the Court shall enter judgment accordingly and close this action.

It is further ordered that a certificate of appealability is denied.

DATED THIS 18th day of November 2015.

MIRANDA M. DU
UNITED STATES DISTRICT JUDGE