UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| MICHAEL A. PAUL, | Case No. 3:14-cv-00460-MMD-WGC |
|---|---|
| Petitioner, | ORDER |
| v. | |
| ISIDRO BACA, et al., | |
| Respondents. | |

On November 18, 2015, the Court dismissed this action with prejudice because it was untimely (ECF No. 33). Petitioner did not appeal. On April 13, 2016, petitioner filed a motion for relief from the judgment pursuant to Rule 60(b) of the Federal Rules of Civil Procedure (ECF No. 35). Respondents have filed an opposition (ECF No. 36) and petitioner has filed a reply (ECF No. 37). Rule 60(b) provides:

> (b) Grounds for Relief from a Final Judgment, Order, or Proceeding. On motion and just terms, the court may relieve a party or its legal representative from a final judgment, order, or proceeding for the following reasons:
>
> (1) mistake, inadvertence, surprise, or excusable neglect;
>
> (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b);
>
> (3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party;
>
> (4) the judgment is void;
>
> (5) the judgment has been satisfied, released or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or
>
> (6) any other reason that justifies relief.

Petitioner's argument does not address any of the reasons why the Court dismissed this action — failure to show equitable tolling, failure to show actual innocence, inapplicability of cases cited in his attempt to show cause, or the Court's time calculations themselves. Instead, petitioner argues the merits of his petition, stating that this argument falls within Rule 60(b)(1). However, the issue is not the merits of the petition, but the timeliness of the petition, and the Court made no mistake. Petitioner hints that he would like to argue that a fraud has been perpetrated on the Court, under Rule 60(b)(3), but the Court sees no fraudulent facts with respect to the timeliness of this action. Finally, the Court agrees with respondents that petitioner has not shown any extraordinary circumstances to justify relief under the catch-all provision of Rule 60(b)(6). The Court already has ruled that petitioner had not shown extraordinary circumstances when the Court dismissed the action as untimely, and petitioner's current motion does not present any new extraordinary circumstances.

To the extent that a certificate of appealability is necessary, the Court denies one.

It is therefore ordered that petitioner's motion for relief from the judgment pursuant to Rule 60(b) of the Federal Rules of Civil Procedure (ECF No. 35) is denied.

It is further ordered that a certificate of appealability is denied.

DATED THIS 4th day of May 2016.

MIRANDA M. DU
UNITED STATES DISTRICT JUDGE